UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **BOARDS OF TRUSTEES OF THE OHIO LABORERS BENEFITS,** | * Case No. 2:21-cv-2829 |
| *Plaintiffs,* | * |
| v. | * |
| **ZONE SAFETY LLC DBA ZONE SAFETY 365,** | * **COMPLAINT** |
| *Defendant.* | * |

Plaintiffs Boards of Trustees of the Ohio Laborers Benefits, by and through undersigned counsel, state their Complaint as follows:

### PRELIMINARY STATEMENT

Plaintiffs bring this action seeking equitable relief, monetary relief, costs, and attorney's fees. Specifically, Plaintiffs seek an audit of Defendant's financial records from November 23, 2018 until present, which Defendant has refused to date. Plaintiffs seek, upon completion of the audit, unpaid contributions, liquidated damages, and interest attributable to delinquent contributions pursuant to the terms of governing plan documents. Finally, Plaintiffs seek orders from this Court (1) enjoining Defendant from further breaching the terms of the plan documents and violating ERISA and (2) enforcing the terms of the plan documents and ERISA.

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 185, and 29 U.S.C. § 1132(e).

1

2. Venue is proper in this Court under 29 U.S.C. § 1132(e)(2) because the plans are administered in Franklin County, Ohio, which is within this District and Division.

3. Under 29 U.S.C. § 1132(h), a copy of this Complaint has been served upon the Secretary of Labor and the Secretary of the Treasury by certified mail.

## PARTIES

4. Plaintiffs are the fiduciaries of three employee benefit plans—the Ohio Laborers' District Council – Ohio Contractors' Association Insurance Fund, the Laborers' District Council and Contractors' Pension Fund of Ohio, the Ohio Laborers' Training and Apprenticeship Trust Fund—and one labor-management cooperative trust known as Ohio Laborers' District Council – Ohio Contractors' Association Cooperation and Education Trust. The plans collectively are known as the "Ohio Laborers Benefits," and maintain their principal office and place of business at 800 Hillsdowne Road, Westerville, Ohio 43081. The plans also are obligated pursuant to collective bargaining agreements to collect contributions to the LIUNA Tri-Funds, three national labor-management cooperative trusts.

5. Defendant Zone Safety LLC doing business as Zone Safety 265 ("Zone Safety") is an Ohio limited liability company that maintains its principal place of business in Lorain County, Ohio.  Zone Safety is an "employer" in "commerce" or "affecting commerce" within the meaning of 29 U.S.C. § 1002(5), 29 U.S.C. § 1002(1), and 29 U.S.C. § 1002(12), and within the meaning of 29 U.S.C. § 152(2), 29 U.S.C. § 152(5), and 29 U.S.C. § 152(7).

6. Julie Reichard is Owner and President of Zone Safety and, at all relevant times, was authorized to sign contracts on behalf of Defendant Zone Safety.

## FACTUAL BACKGROUND

7. The allegations above are incorporated by reference as if fully re-alleged herein.

8. Defendant, Laborers' District Council of Ohio, and Laborers' International Union of North America, Local 860 are signatory to successive Ohio Highway-Heavy-Municipal-Utility State Construction Agreements covering work in various Ohio, Kentucky, and West Virginia counties ("CBA").

9. Defendant, by and through Owner and President Julie Reichard, signed the CBA—which covered work performed between May 1, 2016 and April 30, 2019—on November 23, 2018, a true and accurate copy of which is attached as Exhibit 1.

10. Absent timely and proper termination sixty days prior to April 30, 2019 (that is, March 1, 2019), the CBA automatically renewed for the entire term of the successor CBA, which covers work performed between May 1, 2019 and April 30, 2022.

11. Defendant did not timely or properly terminate the CBA sixty days prior to April 30, 2019, which resulted in Defendant being bound to the successor CBA through April 30, 2022.

12. Defendant, albeit improperly, attempted to terminate the CBA in or about June 2019, which—by the terms of the CBA—would not be valid until the expiration of the successor CBA, that is, April 30, 2022.

13. Defendant has performed work covered by the CBA between November 23, 2018 and the date this action was filed.

14. Because is signed the CBA, Defendant is bound to the Agreements and Declarations of Trust establishing the Ohio Laborers Benefits and the LIUNA Tri-Funds.

15. All of those referenced documents obligated Defendant to file monthly contribution reports, permit audits of its financial records, and make hourly contributions to the Ohio Laborers Benefits on behalf of all persons as defined in the CBA performing covered work.

16.     The CBA, the Agreements and Declarations of Trust, and the rules and regulations promulgated by the Boards of Trustees for the Ohio Laborers Benefits authorize Plaintiffs to conduct an audit of financial records, collect delinquent contributions, and assess and collect liquidated damages and interest where an employer like Defendant fails to remit timely required contributions.

17.     Defendant has refused to permit Plaintiffs' auditors access to Defendant's financial records from November 23, 2018 to present.

18.     To date, Defendant has not permitted Plaintiffs' auditors access to Defendant's financial records and has not paid any contributions, damages, and interest since executing the CBA on November 23, 2018.

### FIRST CLAIM FOR RELIEF
### (*Breach of Collective Bargaining Agreements*)

19.     The allegations above are incorporated by reference as if fully re-alleged herein.

20.      Pursuant to the terms of the CBA, Defendant was required, among other things, to remit contributions to Plaintiffs and to permit access to its financial records upon request.

21.     As such, Plaintiffs are intended third-party beneficiaries entitled to enforce the terms of the CBA.

22.     Defendant's failure to permit access to financial records and to remit timely contributions to Plaintiffs constitute a breach of the CBA and violations of 29 U.S.C. § 185.

23.     As a direct and proximate result of Defendant's breach of the CBA, Plaintiffs have suffered damages in an amount to be determined after an audit and at trial.

### SECOND CLAIM FOR RELIEF
### (*ERISA*)

24.     The allegations above are incorporated by reference as if fully re-alleged herein.

25. Defendant's failure and refusal to permit access to its financial records and make required payments under the CBA constitute violations of 29 U.S.C. § 1145.

26. Defendant's violations of 29 U.S.C. § 1145 have damaged Plaintiffs.

27. Plaintiffs therefore seek and are entitled access to Defendant's financial records; any unpaid contributions discovered as a result of the audit; interest and penalties due and owing on unpaid contributions; and the costs involved in bringing this action, including attorney's fees and expenses pursuant to 29 U.S.C. § 1132(g).

### THIRD CLAIM FOR RELIEF
### (*Injunctive Relief*)

28. The allegations above are incorporated by reference as if fully re-alleged herein.

29. In failing to permit access to its financial records and pay contributions due and owing under the CBA, Defendant breached the terms of the governing documents of the Ohio Laborers Benefits and violated 29 U.S.C. § 1145.

30. Plaintiffs therefore seek, pursuant to 29 U.S.C. §§ 1132(a)(3)(A) and (B), an Order from this Court (1) ordering Defendant to provide Plaintiffs access to Defendant's financial records, (2) enjoining Defendant from further breaching the terms of the governing documents of the Ohio Laborers Benefits and violating ERISA, (3) ordering Defendant to submit monthly contribution reports to Plaintiffs, and (4) enforcing the governing documents of the Ohio Laborers Benefits and ERISA.

### DEMAND FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment as follows:

A. That this Court enter an Order requiring Defendant to provide Plaintiffs with access to Defendant's financial records from November 23, 2018 until present;

B. That this Court enter an Order finding that Defendant's failure to submit to

an audit and remit timely required contributions constitute violations of 29 U.S.C. § 1145;

  C. That this Court enter an Order that Defendant's failure to submit to an audit and remit timely required contributions are breaches of the CBA and constitute violations of 29 U.S. C. § 185;

  D. That this Court enter an Order requiring Defendant to pay to Plaintiffs the delinquent contributions, liquidated damages, and interest owed as a result of the untimely remittances discovered by virtue of the audit;

  E. That this Court enter an Order pursuant to the CBA and 29 U.S.C. § 1132(g) requiring Defendant to pay the costs of this action, including reasonable attorney's fees and expenses; and

  F. That this Court award any and all other relief deemed appropriate.

        Respectfully submitted,

        MANGANO LAW OFFICES CO., LPA

        s/Ryan K. Hymore
        Ryan K. Hymore (0080750) [Trial Attorney]
        3805 Edwards Road, Suite 550
        Cincinnati, Ohio 45209
        T: (513) 255-5888
        F: (216) 397-5845
        rkhymore@bmanganolaw.com

        *Counsel for Plaintiffs*